IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMIE HICKS, et al.                                                          PLAINTIFF

vs.                              NO: 3:03cv00256 JLH/ JFF

KVAERNER U.S., INC., et al.                                               DEFENDANTS

ORDER

This case products liability/wrongful death case was initiated in August, 2003 by Jamie Hicks, as administrator for the estate of Jerry Wayne Hicks, as surviving spouse of Jerry Wayne Hicks and as next friend and mother of Caroline Hicks; along with John C. Hicks and Sharon G. Hicks, individually and as parents of Jerry Wayne Hicks against Kvaerner U.S., Inc. Third party defendants Kvaerner Metal Clecim SA and VAI Clecim, f/k/a Kvaerner Metals Clecim SA were subsequently added to the case.

The undersigned held a settlement conference on February 2, 2006 and a motion for approval of the settlement and distribution (DE# 74) was filed by plaintiff Hicks, February 8, 2006. This motion was referred to the undersigned and a hearing was scheduled for February 23, 2006.  On February 17, 2006, motions to seal court documents pertaining to the settlement agreement (DE# 79) and for order determining that plaintiff is not made whole by settlement and to extinguish subrogation claims (DE# 80) were filed by plaintiff Hicks.  At the parties' request, the court continued the February 23rd hearing.

On February 27, 2006, motions for appointment as next friend, conservator and guardian of Dustin Dewayne Bates (DE# 84); for order allowing Dustin Dewayne Bates to assert a claim for damages from settlement (DE# 83); and to continue (DE# 85) were filed, under seal, by Cheryl Annette Bates.[1] Ms. Bates stated that her first formal notice of the wrongful death case was notice she received by mail from the defendants, on February 20, 2006, that any claim that Dustin Dewayne Bates had against the proceeds for damages suffered because of his father's death would require her presence and representation in court on February 23, 2006.

On April 4, 2006, the court held a hearing on the plaintiff's motion to approve settlement and distribution (DE# 91).[2] On April 14, 2006, a Motion to Intervene was filed by Cheryl Annette Bates, o/b/o Dustin Dewayne Bates, child of Jerry Wayne Hicks (DE# 92). Although the motion does not specify what basis the motion is founded upon, the court finds that the request is one for permissive intervention (Fed. R. Civ. P. 24(b). It appear that permissive intervention (by Cheryl Annette Bates o/b/o Dustin Dewayne Bates) as provided for in Rule 24(b)[3] is appropriate in this case as the court has been informed that Dustin Dewayne Bates has been found to be the

---

[1] The District Judge presiding, Judge Holmes, referred motions DE# 79, and DE# 80 to the undersigned for disposition. The order further directs that any pleading relating to the settlement conference or subsequent hearing by handled by the undersigned (DE# 86).

[2] The attorney now representing Cheryl Annette Bates o/b/o Dustin Dewayne Bates, James C. Bullard, was present at this hearing, and has represented John C. Hicks and Sharon G. Hicks, individually and as parents of Jerry Wayne Hicks since the inception of this lawsuit. During the course of the hearing both Ms. Bates and the parents of Jerry Hicks stated that they waived any conflict and wished to have Mr. Bullard represent them in all further proceedings in this matter.

[3] The Rule provides that "[u]pon timely application anyone may be permitted to intervene in an action...when the applicant's claim or defense and the main action have a question of law or fact in common."

natural child of Jerry Wayne Hicks by the probate court of Stoddard County Missouri, with Ms. Bates appointed as his legal guardian.[4] See *South Dakota v. United States Dept. of Interior*, 317 F.3d 783 (8th Cir. 2003)(the federal rule governing intervention should be liberally construed with all doubts resolved in favor of the proposed intervenor). Arkansas Code Annotated § 16-62-102(d) includes an illegitimate child who has met his burden of proving paternity as a statutory heir entitled to be included in an action for the wrongful death of the decedent. Based on the representations of counsel for the intervenor, no increase in the amount of settlement is sought; only inclusion by Dustin Bates in the distribution of such settlement proceeds.[5] As such, Ms. Bates' motion to intervene (DE# 92) on behalf of her minor child, Dustin Dewayne Bates is GRANTED. This order renders moot Ms. Bates' motion for appointment as next friend, conservator and guardian (DE# 84), motion for order allowing Dustin Bates to assert a claim (DE# 83) and motion to continue (DE# 85).

IT IS SO ORDERED this 30th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Order dated March 10, 2006, from the Circuit Court of Stoddard County, Missouri, Probate Division, #06F9-PR00032.

[5] This court makes no finding as to the proper court to approve such distribution reached by settlement agreement. *Rager v. Turley*, 342 Ark. 223, 27 S.W. 3d 729 (Ark. 2000).